**Alton Harold MORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–95–00099–CR.

Court of Appeals of Texas,
El Paso.

Sept. 5, 1996.

Jerry D. Caddel, Odessa, for appellant.

John W. Smith, District Attorney, Odessa, for appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

LARSEN, Justice.

This is an appeal from a conviction for the offense of aggravated assault on a peace officer. The jury found the appellant, Alton Morris, guilty and sentenced him to twenty-five years' confinement in the Texas Department of Criminal Justice—Institutional Division. We affirm the conviction.

### FACTS

On July 9, 1994, Lawrence Meadors, a Sergeant with the Texas Highway Patrol, and Roland Cobos, a Trooper with the Texas Highway Patrol, were working a DWI prevention program in Ector County. As the officers drove their marked patrol car around the city of Odessa, they noticed a brown Datsun 280 ZX commit a traffic violation. The officers stopped the Datsun and did a routine driver's license check on the driver, Morris. The driver's license check revealed several warrants for Morris's arrest, so the officers handcuffed him and did a pat down search for weapons. Because neither of two passengers in the car had a driver's license, the officers attempted to contact a relative of Morris's to pick up the car and passengers.

After making arrangements over the DPS radio, Meadors started to walk back toward Morris. Morris extended his handcuffed arms from behind him and pointed a semi-automatic pistol at Meadors. Meadors hollered "Gun! He's got a gun!" in order to alert Cobos to the danger. Morris ordered Meadors to drop his weapon, which was not drawn. Cobos warned Morris to drop the gun, and when he did not, Cobos shot Morris in the chest ending the incident.

### DISCUSSION

Morris challenges his conviction by one point of error. Morris alleges that the trial court erred in charging the jury on the definition of the term "peace officer." The application paragraph found in the charge in this case read, in pertinent part:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 9th day of July, 1994, in Ector County Texas, the Defendant, **ALTON HAROLD MORRIS**, did then and there, intentionally and knowingly threaten Lawrence L. Meadors with imminent bodily injury by using a deadly weapon, to-wit, a firearm, and the said Lawrence L. Meadors then and there being a peace officer, to-wit, a Trooper of the Department of Public Safety of the State of Texas....

The trial court defined the term "peace officer" for the jury as follows:

A 'peace officer' is a person elected, employed, or appointed as a peace officer.

Morris argues that the trial court's use of the term "Trooper of the Department of Public Safety" and "a patrolman with the Texas Department of Public Safety" in the application paragraph and definitions improperly expanded the class of victims and improperly commented on the weight of the evidence because those terms do not appear in the statutory definition of "peace officer." Although the terms are not included in that definition as specifically applied by the trial court, we nevertheless find the charge was a correct statement of law for the reasons that follow.

Morris is correct in asserting that the precise phrases and terms the trial court used do not appear in the statutory definition of "peace officer." The narrowly defined terms the trial court chose to use, however, fit squarely within the broader statutory definition. A brief trip through three statutory sections is necessary to illustrate. We begin at Section 411.001 et. seq. of the Texas Government Code, which establishes the Texas Department of Public Safety. Section 411.002(a) defines the department as "an

agency of the state to enforce the laws protecting the public safety and provide for the prevention and detection of crime. The department is composed of the Texas Rangers, the Texas Highway Patrol, the administrative division, and other divisions that the commission considers necessary." TEX. GOV'T CODE ANN. § 411.002(a)(Vernon 1990). The Government Code further provides that the Director of Public Safety, under the direction of the Public Safety Commission, issues commissions as law enforcement officers to all members of the Texas Rangers and the Texas Highway Patrol. TEX.GOV'T CODE ANN. § 411.006(5)(Vernon 1990). Since the Department of Public Safety is composed of the Texas Rangers and the Texas Highway Patrol, any law enforcement officer in the Department of Public Safety would necessarily be commissioned by the Public Safety Commission and the Director of Public Safety, either as a member of the Rangers or of the Highway Patrol. Reading the definitions together, it therefore becomes apparent that a "patrolman of the Texas Department of Public Safety" fits the statutory definition of "peace officer" which includes, in pertinent part, "rangers and officers commissioned by the Public Safety Commission and the Director of the Department of Public Safety." TEX.CODE CRIM.PROC.ANN. art. 2.12(4)(Vernon Supp.1996).

Likewise, the evidence presented at trial, when read with the above statutory definitions, sufficiently establishes that a "Trooper of the Department of Public Safety" fits within the statutory definition of "peace officer." Trooper Cobos testified that he works for the Department of Public Safety as a "highway patrolman" and that his rank within the department is "Trooper II." According to Trooper Cobos's testimony, the term "trooper" refers to the rank a highway patrolman holds in the Department of Public Safety. "Trooper" thus is synonymous with "highway patrolman" and is likewise included within the statutory definition of "peace officer" as an "officer commissioned by the Public Safety Commission and the Director of the Department of Public Safety." *See* TEX. CODE CRIM.PROC.ANN. art 2.12(4)(Vernon Supp.1996).

## CONCLUSION

We find that the trial court's inclusion of the phrases "Trooper of the Department of Public Safety" and "patrolman with the Texas Department of Public Safety" in the application paragraph and definition of "peace officer" are correct statements of law and therefore not in error. Accordingly, we overrule Morris's sole point of error and affirm the judgment of the trial court.